IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-00191-WYD-KLM

DESIGN BASICS, LLC,

    Plaintiff,

v.

SAGE HOMES, LLC, RENTFROW DESIGN, LLC
and JON RENTFROW,

    Defendants.

## ORDER

THIS MATTER is before the Court on the Motion to Set Aside Default filed on April 9, 2013, by Defendants Rentfrow Design, LLC and Jon Rentfrow ("the Rentfrow Defendants").  The Clerk issued an Entry of Default as to the Rentfrow Defendants on March 4, 2013.  A default judgment has not yet issued.  I note that Plaintiff filed a response in opposition to the Motion to Set Aside Default on May 3, 2013, and a reply was filed by the Rentfrow Defendants on May 10, 2013.  Thus, the motion is fully briefed.

Turning to my analysis, a party seeking to set aside an entry of default must show good cause pursuant to Fed. R. Civ. P. 55(c).  The good cause required to set aside an entry of default, before a default judgment has issued, poses a lesser standard for the defaulting party than the excusable neglect requirement which must be shown for relief from judgment under Rule 60(b).  *Dennis Garberg & Associates, Inc. v. Pack-*

*Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997). "The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke,* 975 F.2d 181, 183 (5th Cir.1992)). The court does not need to consider all the factors, and may also consider other factors. *Id.*

In the case at hand, I find despite Plaintiff's opposition that the Rentfrow Defendants have established good cause for the entry of default to be set aside. First, I find that the default was not the result of culpable conduct by the Rentfrow Defendants. They assert that prior to Plaintiff's filing of the motion and amended motion for default, the parties had entered into what the Rentfrow Defendants believed were settlement discussions and these Defendants were unaware that Plaintiff had moved for default against them. I also find that Plaintiff has not shown that it will suffer prejudice. While it asserts that fact discovery has closed, this case is still in its early stages and Plaintiff can seek to reopen discovery as to the Rentfrow Defendants. Finally, it appears that the Rentfrow Defendants will present meritorious defenses. Accordingly, it is

ORDERED that the Motion to Set Aside Default filed on April 9, 2013, by Defendants Rentfrow Design, LLC and Jon Rentfrow (ECF No. 40) is **GRANTED**. The entry of default against Rentfrow Design, LLC and Jon Rentfrow (ECF No. 37) is **SET**

*Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997). "The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke,* 975 F.2d 181, 183 (5th Cir.1992)). The court does not need to consider all the factors, and may also consider other factors. *Id.*

In the case at hand, I find despite Plaintiff's opposition that the Rentfrow Defendants have established good cause for the entry of default to be set aside. First, I find that the default was not the result of culpable conduct by the Rentfrow Defendants. They assert that prior to Plaintiff's filing of the motion and amended motion for default, the parties had entered into what the Rentfrow Defendants believed were settlement discussions and these Defendants were unaware that Plaintiff had moved for default against them. I also find that Plaintiff has not shown that it will suffer prejudice. While it asserts that fact discovery has closed, this case is still in its early stages and Plaintiff can seek to reopen discovery as to the Rentfrow Defendants. Finally, it appears that the Rentfrow Defendants will present meritorious defenses. Accordingly, it is

ORDERED that the Motion to Set Aside Default filed on April 9, 2013, by Defendants Rentfrow Design, LLC and Jon Rentfrow (ECF No. 40) is **GRANTED**. The entry of default against Rentfrow Design, LLC and Jon Rentfrow (ECF No. 37) is **SET**

**ASIDE**.  The Rentfrow Defendants are directed to file a responsive pleading to the First Amended Complaint and Jury Demand within **fourteen (14)** days of this Order, or by **Wednesday, July 17, 2013**.

Dated:  July 3, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge